The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on June 11, 2019, which may be different from its entry on the record.

**IT IS SO ORDERED.**

**Dated: June 11, 2019**



ARTHUR I. HARRIS
UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| ERICK ETIENNE LAGROUX, | ) | Case No. 17-40198 |
|     Debtor. | ) | |
| _____ | ) | Judge Arthur I. Harris |
| | ) | |
| ALLCARE MEDICAL SERVICES, | ) | |
| LLC, | ) | Adversary Proceeding |
|     Plaintiff. | ) | No. 17-4045 |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL D. BUZULENCIA, | ) | |
| TRUSTEE, | ) | |
|     Defendant. | ) | |

MEMORANDUM OF OPINION[1]

On May 21, 2019, the defendant-trustee filed a motion for discovery sanctions based on the plaintiff's alleged failure to turn over its corporate minutes

---

[1] This Opinion is not intended for official publication.

book and the failure to preserve certain text messages and emails. Both parties have now filed supplemental briefs. For the reasons that follow, the motion for sanctions is denied.

## JURISDICTION

This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O). The Court has jurisdiction over core proceedings under 28 U.S.C. §§ 1334 and 157(a) and Local General Order 2012-7 of the United States District Court for the Northern District of Ohio.

## PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff AllCare Medical Services, LLC ("AllCare" or "the LLC") filed an adversary complaint seeking declaratory relief related to the rights and obligations of the debtor, Erick Etienne LaGroux, and the Chapter 7 trustee, Michael D. Buzulencia, as they relate to AllCare. Before filing for bankruptcy, LaGroux had been an officer and member of AllCare. As such, his rights and obligations were governed by applicable state law and the operating agreement of AllCare. On November 3, 2016, the debtor submitted his written resignation by email to Rob Simmons and Sharon Gobbi, two members of AllCare at that time (Plaintiff's Exhibit 2). The following day, he attempted to unresign by email to Mr. Simmons and Ms. Gobbi (Plaintiff's Exhibit 3), but the other members never accepted his

2

unresignation (Plaintiff's Exhibit 4).  Within a few months, LaGroux was working for a competitor of AllCare, a position inconsistent with LaGroux's obligations under the operating agreement should he still wish to continue as an active member, as opposed to simply retaining his economic interest until that interest could be sold under the terms of the operating agreement (AllCare Operating Agreement, Joint Exhibit No. 4, paragraphs 15 and 22).  After LaGroux had begun working for a competitor, LaGroux filed for relief under Chapter 7 of the Bankruptcy Code on February 9, 2017 (Case No. 17-40198).

After LaGroux filed for bankruptcy, the Chapter 7 trustee assumed ownership of whatever rights and obligations the debtor had with respect to AllCare.  AllCare attempted to reach a consensual resolution with the debtor and the trustee, but was unsuccessful.  On December 6, 2017, AllCare initiated an adversary proceeding (Adv. Pro. No. 17-4045).  Among the declaratory relief AllCare sought was a determination that the debtor resigned from his membership (or at least separated himself from the LLC) before filing for bankruptcy, that the trustee has no right to participate in the management and conduct of the LLC, that the trustee only holds an economic interest, that the debtor and therefore now the trustee holds only bare legal title to certain domain names, and that the trustee's

3

economic interest in the LLC is to be valued and sold consistent with the terms of state law and the operating agreement.

The Court conducted a trial on March 29, 2019, but permitted the *de bene esse* deposition of Ms. Gobbi to be taken at a later date because health issues prevented her from traveling from Long Island, New York, to Youngstown, Ohio. During the deposition on May 2, 2019, Ms. Gobbi appeared to acknowledge that AllCare maintained a minutes book, which was inconsistent with representations that AllCare's attorney had advised the trustee's attorney in earlier emails during discovery and document production. Ms. Gobbi also testified that certain text messages and emails in connection with LaGroux's resignation had been deleted. Rather than attempt to resolve the apparent discrepancy over the minutes book at the deposition with opposing counsel or by seeking guidance by phoning the undersigned judge, the trustee's attorney waited until May 21, 2019, to file a motion for sanctions, one day before scheduled closing arguments. The trustee never took a discovery deposition of Ms. Gobbi.

On May 22, 2019, the Court heard further argument on the motion for sanctions and set up a supplemental briefing schedule. The Court deferred closing arguments until after the motion for sanctions was resolved. On June 4, 2019, AllCare filed its supplemental response, and on June 6, 2019, the trustee filed his

4

supplemental response. Based on AllCare's response, the trustee concedes that notwithstanding anything in Ms. Gobbi's deposition testimony on May 2, 2019, AllCare maintains no minutes book. The Court therefore treats this portion of the motion for sanctions as moot. The trustee continues to maintain that discovery sanctions are appropriate for the failure to preserve emails and text messages under Federal Rule of Civil Procedure 37(e), made applicable to this proceeding under Bankruptcy Rule 7037.

## DISCUSSION

Federal Rule of Civil Procedure 37(e) was completely revised in 2015. Rule 37(e) now provides as follows:

> **(e) Failure to Preserve Electronically Stored Information.** If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:
> **(1)** upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or
> **(2)** only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:
>> **(A)** presume that the lost information was unfavorable to the party;
>> **(B)** instruct the jury that it may or must presume the information was unfavorable to the party; or
>> **(C)** dismiss the action or enter a default judgment.

5

The extensive advisory committee notes accompanying the 2015 amendments are instructive. The notes provide in pertinent part:

> The new rule applies only if the lost information should have been preserved in the anticipation or conduct of litigation and the party failed to take reasonable steps to preserve it. Many court decisions hold that potential litigants have a duty to preserve relevant information when litigation is reasonably foreseeable. Rule 37(e) is based on this common-law duty; it does not attempt to create a new duty to preserve. The rule does not apply when information is lost before a duty to preserve applies.

Fed. R. Civ. P. 37(e)(1), Notes of Advisory Committee on 2015 Amendments. In deciding whether and when a duty to preserve arose,

> [c]ourts should consider the extent to which a party was on notice that litigation was likely and that the information would be relevant. A variety of events may alert a party to the prospect of litigation. Often these events provide only limited information about that prospective litigation, however, so that the scope of information that should be preserved may remain uncertain. It is important not to be blinded to this reality by hindsight arising from familiarity with an action as it is actually filed.

*Id.*

The Court has reviewed the record in this case and finds that the trustee has not established that AllCare failed to take reasonable steps to preserve the text messages and emails in question after the duty to preserve arose. The Court believes that the duty to preserve did not arise until after attempts to resolve the valuation of LaGroux's interest proved unsuccessful. *See* Motion for Summary

6

17-04045-aih    Doc 153    FILED 06/11/19    ENTERED 06/11/19 12:28:21    Page 6 of 9

Judgment, Docket No. 95, page 8. This was some time shortly before this adversary proceeding was filed in December 2017. The Court notes that the trustee did not seek to retain counsel until February 2018, *after* this adversary proceeding had been commenced. In other words, the trustee himself did not anticipate the need to retain counsel to initiate or defend a contested matter or an adversary proceeding until after AllCare filed its adversary proceeding. Nor does the Court believe that LaGroux's bankruptcy filing constitutes the anticipation or conduct of litigation with respect to AllCare's obligations under Rule 37(e).

> Subdivision (e)(1) only applies:
>
> if information should have been preserved in the anticipation or conduct of litigation, a party failed to take reasonable steps to preserve the information, information was lost as a result, and the information could not be restored or replaced by additional discovery. In addition, a court may resort to (e)(1) measures only "upon finding prejudice to another party from loss of the information." An evaluation of prejudice from the loss of information necessarily includes an evaluation of the information's importance in the litigation.

Fed. R. Civ. P. 37(e)(1), Notes of Advisory Committee on 2015 Amendments.

Even if AllCare should have preserved information in the anticipation or conduct of litigation, the Court does not find prejudice to the trustee from the failure to preserve text messages and emails between the members of AllCare. The trustee is not seeking any affirmative claims against AllCare such as any claims

that LaGroux might have had against AllCare in connection with his resignation and attempted unresignation. In addition, the record contains overwhelming evidence that LaGroux withdrew from AllCare before filing for bankruptcy on February 9, 2017, either voluntarily when he submitted his resignation on November 3, 2016, or involuntarily when he began working for a competitor of AllCare a few months later. Under the terms of Ohio law and the operating agreement, LaGroux's right to participate in the management and conduct of the limited liability company's business therefore terminated *before* LaGroux ever filed for bankruptcy. *See* Ohio Rev. Code §§ 1705.16(A) and 1705.161; AllCare Operating Agreement, Joint Exhibit 4, paragraphs 15, 20, and 21. And while the trustee notes that AllCare has continued to show the trustee as a member on various tax returns, nothing about this fact is inconsistent with LaGroux and now the trustee retaining only an economic interest. Until that interest can be sold under the terms of the operating agreement, a process which the trustee has thus far balked at, the trustee presumably remains a member of AllCare for tax purposes, even though LaGroux and the trustee have no right to participate in the management and conduct of the LLC's business.

As the advisory committee has indicated, "[a]n evaluation of prejudice from the loss of information necessarily includes an evaluation of the

8

information's importance in the litigation." Fed. R. Civ. P. 37(e)(1), Notes of Advisory Committee on 2015 Amendments. Presumably, the deleted texts and emails surrounding LaGroux's resignation and attempted unresignation included discussion about what to do next and may well have included disparaging comments about LaGroux. But even if the emails and text messages show that the other members accepted LaGroux's attempted unresignation, which the Court finds highly unlikely, it remains undisputed that LaGroux separated himself from the LLC by working for a competitor of AllCare before filing for bankruptcy.

Thus, even if AllCare had a duty to preserve the emails and text messages in connection with LaGroux's resignation and attempted unresignation, the Court finds no prejudice from the loss of that information. Therefore, sanctions are unavailable to the trustee under Rule 37(e)(1). Nor does the Court find this to be the rare situation where a party "acted with the intent to deprive another party of the information's use in the litigation" under Rule 37(e)(2).

Accordingly, the trustee's motion for discovery sanctions is denied.

IT IS SO ORDERED.