The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on September 27, 2019, which may be different from its entry on the record.

**IT IS SO ORDERED.**

**Dated: September 27, 2019**



ARTHUR I. HARRIS
UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| ERICK ETIENNE LaGROUX, | ) | Case No. 17-40198 |
| Debtor. | ) | |
| | ) | Judge Arthur I. Harris |
| | ) | |
| ALLCARE MEDICAL SERVICES, LLC, | ) | |
| | ) | Adversary Proceeding |
| Plaintiff. | ) | No. 17-4045 |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL D. BUZULENCIA, TRUSTEE, | ) | |
| Defendant. | ) | |

MEMORANDUM OF OPINION[1]

Following a trial, this Court issued a memorandum of opinion and order on August 19, 2019, granting certain declaratory relief requested by plaintiff AllCare

---

[1] This Opinion is not intended for official publication.

Medical Services, LLC ("AllCare") against the defendant Chapter 7 trustee, Michael D. Buzulencia ("the trustee"). Specifically, the Court found that (1) the bankruptcy estate of debtor Eric LaGroux only has an economic interest in AllCare because LaGroux withdrew from AllCare prior to filing for bankruptcy, (2) Ohio law and the operating agreement control LaGroux's estate's interest in AllCare, and the trustee must comply with the terms of Ohio law and the operating agreement, and (3) LaGroux's estate only has a bare legal interest in the eight domain names that LaGroux purchased for the benefit of AllCare. On August 28, 2019, the trustee filed a notice of appeal, and on September 10, 2019, the trustee moved for a stay pending appeal under Bankruptcy Rule 8007. On September 23, AllCare filed a brief in opposition. For the reasons that follow, the trustee's motion for a stay pending appeal is denied.

## JURISDICTION

This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O). The Court has jurisdiction over core proceedings under 28 U.S.C. §§ 1334 and 157(a) and Local General Order 2012-7 of the United States District Court for the Northern District of Ohio. On March 12, 2018, the defendant-trustee consented to the Court's entry of final judgment. On October 23, 2018, AllCare consented to

2

the Court's entry of final judgment. Under Bankruptcy Rule 8007, a motion for a stay pending appeal is initially heard by the bankruptcy court.

*DISCUSSION*

Under Bankruptcy Rule 8007(a), a party may move the bankruptcy court for "a stay of a judgment, order, or decree of the bankruptcy court pending appeal[.]" The moving party may be required to file a bond or other appropriate security with the bankruptcy court in order to obtain the relief requested. *See* Fed. R. Bankr. P. 8007(c). In determining whether a stay pending appeal should be granted, the Court considers the factors that are considered in evaluating the granting of a preliminary injunction:

> (1) the likelihood that the party seeking the stay will prevail on the merits of the appeal;
> (2) the likelihood that the moving party will be irreparably harmed absent a stay;
> (3) the prospect that others will be harmed if the court grants the stay; and
> (4) the public interest in granting the stay.

*Serv. Employees Int'l Union Local 1 v. Husted*, 698 F.3d 341, 343 (6th Cir. 2012) (citing *Michigan Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991)); *see also In re Settlement Facility Dow Corning Trust*, No. 14-1090, 2014 WL 4824822 (6th Cir. Mar. 31, 2014). "These factors

3

are not prerequisites that must be met, but are interrelated considerations to be balanced together." *Husted*, 698 F.3d at 343.

*Likelihood of Success*

The Court does not believe that the trustee is likely to succeed on the merits of his appeal. In his brief seeking a stay pending appeal, the trustee seems to misunderstand this Court's ruling and seems to challenge matters never decided by this Court. Underlying the Court's principal ruling is the concept that the Chapter 7 trustee's interest and rights in AllCare are no greater than the rights the debtor himself had when he voluntarily withdrew from the LLC on November 3, 2016, months before he filed for bankruptcy on February 9, 2017. It is unclear whether the trustee intends to argue on appeal that the Court's findings were clearly erroneous, but the Court believes that the record strongly supports its first holding that LaGroux voluntarily withdrew from the LLC before filing for bankruptcy, leaving him with only an economic interest in the LLC.

For its second holding, the Court found that under Section 541 of the Bankruptcy Code LaGroux's economic interest in the LLC became property of his bankruptcy estate, but the extent of that economic interest is determined by applicable state law and the operating agreement established under state law. *See Mission Prod. Holdings v. Tempnology, LLC*, 139 S. Ct. 1652, 1663 (2019) ("In

4

preserving those rights, Section 365 reflects a general bankruptcy rule: The estate cannot possess anything more than the debtor itself did outside bankruptcy. . . . As one bankruptcy scholar has put the point: . . .'A debtor's property does not shrink by happenstance of bankruptcy, but it does not expand, either.' ") (citations omitted); *see also In re Fair Finance Co.*, 834 F.3d 651, 676 (6th Cir. 2016) (trustee stands in the shoes of the debtor, and defenses can be raised against a bankruptcy trustee to the same extent they could have been raised against the debtor prior to the filing of bankruptcy). Thus, if the operating agreement and state law prevent LaGroux from further involvement in the operation of the LLC or provide limitations on the sale of LaGroux's economic interest following his voluntary withdrawal from the LLC, the same limitations apply to the Chapter 7 trustee as LaGroux's successor-in-interest. Nor is this a situation where the dissociation was triggered by a bankruptcy filing and such dissociation might be invalidated under 11 U.S.C. § 541(c). LaGroux voluntarily withdrew from the LLC months before he filed for bankruptcy.

  The Court's third and final holding is that LaGroux's estate only has a bare legal interest in the eight domain names that LaGroux purchased for the benefit of AllCare. It is unclear whether the trustee intends to argue on appeal that this finding was clearly erroneous, but the Court believes that the record strongly

5

supports its determination that LaGroux never intended to purchase the domain names for the benefit of himself personally.

In his motion for a stay pending appeal, the trustee asserts that the debtor's estate is entitled to a valuation of LaGroux's economic interest unencumbered by the provisions of applicable state law or the operating agreement where they conflict with bankruptcy law. However, the trustee fails to cite anything in the Bankruptcy Code that would override state law or the operating agreement and, excluding his assertions related to valuation, fails to explicitly state where those conflicts arise.

The trustee argues that he should be entitled to any appreciation in value in the estate's economic interest in AllCare that may have accrued since LaGroux voluntary withdrew from the LLC in 2016. The trustee asserts that "[t]his Court entered an order that presumably removes the applicability of the Bankruptcy Code to the valuation process without having any values before it to know whether federal law would actually invalidate a state law valuation." But the trustee mischaracterizes the Court's determination in the memorandum of opinion. The question of value is one that this Court has expressly left undecided:

> AllCare has not asked the Court to determine the value of the bankruptcy estate's interest in AllCare. Nor has the trustee sought any affirmative relief in this adversary proceeding. Therefore, the Court

6

> need only decide whether the valuation determination is governed by
> applicable Ohio law and AllCare's operating agreement.

Adv. No. 17-4045, Docket No. 160 at 19. Thus, the Court did not determine the applicability or inapplicability of the Bankruptcy Code on valuation. Instead, the Court only made a determination that Ohio law and the operating agreement control the estate's interest, a determination that the trustee recognized in its motion for stay:

> To be clear, the Trustee agrees that the operating agreement and Ohio law are applicable, and will be followed by the Trustee, to the extent that they do not conflict with the Bankruptcy Code, both with respect to the valuation date and method."

Since the trustee has yet to seek any relevant affirmative relief either in this adversary proceeding or elsewhere, it is unclear what relief a reviewing court would provide to the trustee on an issue that this Court has not yet decided. This Court stands prepared to decide such a question if properly presented, but that question remains unanswered because it has not yet been asked.

In short, for the reasons stated in this opinion and in the Court's earlier memorandum of opinion, the Court finds little likelihood of success on the merits.

*Likelihood of Irreparable Harm to the Trustee*

The Court also finds little likelihood of irreparable harm to the trustee absent a stay pending appeal. At this point, the Court has simply granted declaratory

relief. Absent a stay pending appeal, the trustee is bound by the terms of the operating agreement and state law. Presumably, this requires the trustee to participate in good faith in the valuation and sale provisions of the operating agreement. *See, e.g.*, Operating Agreement at paragraphs 20, 22, and 25; *see also* Ohio Rev. Code § 1705.161. Failure to do so could theoretically result in a setoff against the value of the trustee's economic interest, or perhaps a money judgment against the trustee and his counsel.

But despite the potential for a set off or a money judgment stemming from further litigation, the trustee has not made a showing of irreparable harm if the stay is not granted. The trustee stated that he already has been complying in good faith with Ohio law and the operating agreement:

> The Trustee nevertheless has, in good faith, asked AllCare to work through these valuation issues in accordance with the terms of the operating agreement and state law while the appeal moves forward.

The trustee's compliance with Ohio law and the operating agreement until this point demonstrates that the trustee is able to comply in good faith while the appeal is pending. Without more, the trustee has failed to make a showing that he would suffer irreparable harm absent a stay.

8

Nor has the trustee shown the likelihood of irreparable harm from the Court's finding that LaGroux's estate only has a bare legal interest in the eight domain names.

For the reasons stated above, the Court finds that the trustee has not made a showing of irreparable harm if the stay is not granted.

*Likelihood of Harm to Others if the Stay is Granted*

It is unclear what harm would occur to AllCare or others if a stay were granted. Presumably, the trustee would still be unable to take any action to unilaterally sell the estate's economic interest in AllCare. Perhaps AllCare would face additional legal fees and have its ownership interest remain in limbo during the pendency of the appeal, but the Court is uncertain as to how much harm these potential consequences from a stay would cause and whether AllCare would be entitled to a setoff or a monetary recovery if there were indeed such damages.

*The Public Interest*

The Court is unsure whether granting the stay would advance the public interest. Certainly, there is a public interest in resolving this litigation and concluding the bankruptcy case as expeditiously as possible. *See* 11 U.S.C. § 704(a)(1) (trustee shall collect and reduce to money the property of the estate and close such estate as expeditiously as is compatible with the best interests of parties

in interest). The Court is concerned that granting a stay pending appeal may further delay bringing this protracted litigation to a conclusion, as it may delay the parties' valuation of the estate's economic interest in AllCare under the terms of the operating agreement and state law.

## CONCLUSION

For the reasons stated above, the trustee's motion for a stay pending appeal is denied.

IT IS SO ORDERED.